**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **DARLENE JAMERISON,**   Plaintiff,   vs.   **ANTHEM INSURANCE COMPANIES, INC.,**   Defendant. | Case No. 4:20-cv-01640 |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Anthem Insurance Companies, Inc. ("Anthem") removes to the U.S. District Court for the Eastern District of Missouri the action styled *Darlene Jamerison v. Anthem Insurance Companies, Inc.*, Case No. 2022-CC10108, currently pending in the Circuit Court of the City of St. Louis, State of Missouri. Anthem removes this case under § 1441 based on diversity jurisdiction. In support of removal, Anthem states:

### BACKGROUND

1. Plaintiff Darlene Jamerison commenced this action in the Circuit Court of the City of St. Louis, State of Missouri on October 13, 2020, by filing her Petition in the case styled *Darlene Jamerison v. Anthem Insurance Companies, Inc.*, Case No. 2022-CC10108. A copy of the Petition is attached as **Exhibit A**.

2. Plaintiff's Petition purports to assert claims for unlawful employment discrimination based on sex, race, age, and disability, hostile work environment, and for retaliation under the Missouri Human Rights Act ("MHRA").

3. Plaintiff served Anthem with a summons and a copy of the Petition on October 20, 2020. In accordance with § 1446(a), copies of all processes, pleadings and orders served on Anthem are attached as **Exhibit B**.

4. Per Local Rule 2.03, a copy of the court's docket sheet, is attached as **Exhibit C**.

5. Under § 1446(b), removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading. Anthem is timely filing this removal, within 30 days of service.

6. Under §§ 1441(a) and 1446(a), and Local Rule 2.03, the U.S. District Court for the Eastern District of Missouri, is the appropriate court for removing action from the Circuit Court of the City of St. Louis, Missouri, where this action was originally filed.

7. Further, in accordance with § 1441(d), Plaintiff and the Clerk of the Circuit Court for St. Louis City, Missouri are being served with copies of this notice of removal.

### JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) by reason of complete diversity jurisdiction between the parties.

9. Plaintiff does not allege her state citizenship in the Petition. According to Plaintiff's Petition, she is a resident of St. Louis, Missouri. **Exhibit A**, Petition, ¶ 1. Thus, on information and belief, Plaintiff is a citizen of Missouri.

10. Anthem[1] is an Indiana corporation and its principal place of business is in Indiana. As such, Anthem is a citizen of Indiana. *See* 28 U.S.C. § 1332(c)(1).

---

[1] Plaintiff named the incorrect entity, Anthem Insurance Companies, Inc., as her alleged employer and Defendant. Plaintiff's actual employer is Anthem, Inc. But even if Plaintiff had named the correct employer, there would still be complete diversity of citizenship as Anthem, Inc. is also an Indiana corporation with its principal place of business in Indiana, and, thus, a citizen of Indiana.

11. Accordingly, there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

12. Although Plaintiff does not plead a specific amount of damages, the amount in controversy claimed by Plaintiff exceeds $75,000, exclusive of interest and costs.

13. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

14. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15. Plaintiff's alleged damages include front pay, back pay and lost benefits, "compensatory, punitive, and liquidated damages," damages for "Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress…and Diminished Self Worth," and "attorney fees." **Exhibit A**, Petition, ¶¶ 26-27, 36-37.

16. While Plaintiff makes no specific monetary demand in her Petition, the Court is not bound by amounts stated in the Petition when determining the amount in controversy. *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) (holding "[a]ny amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present); *see also Rodgers v. Wolfe*, No. 4:05 CV 01600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (holding "the amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant.")

17. The MHRA provides for recovery of actual damages, including back pay, front pay, and emotional distress, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. §§ 213.111.2, .4.

18. An award of damages for back-pay damages, front pay, emotional distress, punitive damages, and attorneys' fees could exceed $75,000. Moreover, these damages can be aggregated to meet the jurisdictional threshold. *See Brooks v. Kelly*, No. 4:11CV01510 AGF, 2011 WL 6009657, at *3 (E.D. Mo. Dec. 1, 2011) (citing *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765-67 (8th Cir. 2001)); *see also Riffert v. Walgreen Co.*, No. 4:07CV1912 JCH, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (back wages, front wages, and emotional distress all increased the amount in controversy).

19. While emotional-distress damages can vary, they do increase the value of Jamerison's claim. *See, e.g., Rowe v. Hussman Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming award of $500,000 in emotional distress damages); *Morse v. S. Union Co.*, 174 F.3d 917 (8th Cir. 1999) (affirming award of $70,000 in emotional distress damages in age discrimination claim).

20. Recent jury verdicts for plaintiffs for MHRA claims exceeded $75,000:

- *Cato v. Mo. Hwy. & Transp. Comm'n*, 0916-CV30758 (Cir. Ct. of Jackson Cnty., Mo. 2011) (awarding $312,328 in compensatory damages, $50,000 in punitive damages, and $187,791 in attorneys' fees for disability discrimination claim under the MHRA);

- *McGinness v. Kan. City Mo. Sch. Dist.*, 0916-CV22950 (Cir. Ct. of Jackson Cnty., Mo. 2010) (awarding $142,000 on disability discrimination claim under the MHRA; $201,000 on retaliation claim).

21. Punitive damage awards in MHRA cases can exceed $75,000 by themselves:

- *Coats & Harrold v. Premier Mortg. Funding, Inc.*, No. 06cc-002611, 2007 WL 4966104 (St. Louis City, Mo., Apr. 5, 2007) (jury verdict of $215,000 in punitive damages under MHRA);

- *Williams v. Trans States Airlines, Inc., et al*, No.. 2104cc-03601, 2008 WL 5449759 (St. Louis Co., Jan. 31, 2008) (jury verdict of $325,000 in punitive damages under the MHRA).

22. Fee awards in MHRA cases can exceed $75,000 by themselves:

- *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 361-365 (8th Cir. 2009) (affirming jury award of $30,000 in compensatory damages and remitting jury's $500,000 punitive damage award to $120,000 in retaliatory discharge claim under the MHRA for a total damage award of $150,000, and finding award of $220,000 in attorneys' fees and costs was not an abuse of discretion in retaliatory discharge suit under the MHRA);

- *Lawrence v. CNF Transp.*, No. 4-99-CV-00794-HFS, Doc. 124 (W.D. Mo. Mar. 12, 2002) (order awarding plaintiff $83,081.00 in attorneys' fees as prevailing party in discrimination case);

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case).

23. Given Plaintiff's claims for lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., Brooks*, 2011 WL 6009657, at *3 (alleged pay decrease of $30,000 per year satisfied amount in controversy).

24. Therefore, under § 1332(a), this court has original jurisdiction because the parties are completely diverse—Plaintiff and Anthem are citizens of different states—and the amount in controversy exceeds $75,000.

## CONCLUSION

25. As noted in the paragraphs above, Anthem is properly removing this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.

26. Under §§ 1332, 1441(a) and 1446(a), and Local Rule 2.03, the United States District Court for the Eastern District of Missouri is the appropriate court for removing an action from the Circuit Court of the City of St. Louis, Missouri, where this action was filed.

27.     Promptly, upon filing this Notice of Removal, Anthem shall give notice in writing to all parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, Missouri.

WHEREFORE, Defendant Anthem gives notice that this action is removed from the Circuit Court of the City of St. Louis, Missouri, to the U.S. District Court for the Eastern District of Missouri.

Respectfully submitted this 19th day of November 2020.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*/s/ Virginia L. Woodfork*
Virginia L. Woodfork, MO Bar No. 68494
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: 720-343-7533
Facsimile: 720-343-7573
Email: vwoodfork@constangy.com

Robert L. Ortbals, Jr., MO Bar No. 56540
7733 Forsyth Blvd., Suite 1325
St. Louis, MO 63105
Telephone: (314) 925-7270
Facsimile: (314) 925-7278
Email: rortbals@constangy.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail, through the Court's e-filing system software, on this 19th day of November 2020, to the following counsel of record:

**LAW OFFICE OF JOAN M. SWARTZ, LLC**
Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, MO  63143
Telephone: (314) 471-2032
Facsimile: (314) 270-8103
Email: jms@jmsllc.com

**SHAUGNESSY LAW FIRM, LLC**
Ryan S. Shaughnessy
1140 Boulder Creek Dr., Suite 202
O'Fallon, IL 62269
Telephone: (314) 971-4381
Email: shaughnessylawfirm@gmail.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Virginia L. Woodfork*
Attorney for Defendant