**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| **DARLENE JAMERISON,** ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| **ANTHEM INSURANCE COMPANIES,** ) | |
| **INC.,** ) | |
| ) | PETITION FOR EMPLOYMENT |
| <u>Serve Managing Agent</u>: ) | DISCRIMINATION, HOSTILE WORK |
| 1831 Chestnut Street ) | ENVIRONMENT AND RETALIATION |
| St. Louis, Missouri 63103 ) | |
| ) | **<u>JURY TRIAL DEMANDED</u>** |
| Defendant. ) | |

**PETITION FOR UNLAWFUL EMPLOYMENT DISCRIMINATION,
<u>HOSTILE WORK ENVIRONMENT, AND RETALIATION</u>**

COMES NOW, Plaintiff Darlene Jamerison, by and through her counsel, and for her Petition for Unlawful Employment Discrimination, Hostile Work Environment, and Retaliation against Defendant Anthem Insurance Companies, Inc. states and alleges as follows:

**PARTIES**

1. Plaintiff Darlene Jamerison is and was a resident of St. Louis County, Missouri, residing at 8188 Grant Colonial Drive, St. Louis, Missouri 63123.

2. Defendant Anthem Insurance Companies, Inc. is foreign corporation, organized and existing under Indiana law, with its principal place of business in the State of Missouri located at 1831 Chestnut Street, St. Louis, Missouri 63103.

3. Defendant Anthem Insurance Companies, Inc. is a duly registered as a foreign corporation with the Missouri Secretary of State, does business in the State of Missouri under the registered fictitious name "Blue Cross Blue Shield" and is duly licensed as a Property and Casualty Company with the Missouri Division of Insurance.

1

## JURISDICTION AND VENUE

4. Plaintiff Darlene Jamerison asserts state law claims for unlawful employment discrimination, hostile workplace and retaliation under Missouri Human Rights Act, §213.010 R.S.Mo., et seq.

5. This Court has subject matter jurisdiction over the claims described above pursuant to Article V, Section 14 of the Missouri Constitution (1945).

6. Venue is proper in the Circuit Court of the City of St. Louis, Missouri, in accordance with §213.111 R.S.Mo. where the unlawful employment practices, hostile workplace and retaliation described herein occurred or existed in City of St. Louis, Missouri, and where the geographical boundaries of Defendant Anthem Insurance Companies, Inc. are wholly located within St. Louis County, Missouri.

7. Plaintiff Darlene Jamerison has fully exhausted her administrative remedies and has satisfied all conditions precedent to filing this lawsuit by filing a charge of discrimination with the Missouri Commission on Human Rights within one hundred eighty (180) days after the alleged unlawful employment practice occurred and by filing her Petition within ninety (90) days after receipt of the Notice of Right to Sue from the Missouri Commission on Human Rights in accordance with §213.111 R.S.Mo.

## FACTS APPLICABLE TO ALL COUNTS

8. Plaintiff Darlene Jamerison is a black, disabled female over the age of forty (40) years old and is a member of one or more protected classes based on her sex, race, disability and age.

9. For over thirty-four (34) years, Plaintiff Darlene Jamerison is and was employed by Defendant Anthem Insurance Companies, Inc. in the position of Underwriter Assistant (Small

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

Group).

10. At all times relevant hereto, Plaintiff Darlene Jamerison had received favorable evaluations and had fully performed her responsibilities and duties associated with her position of employment.

11. During the course of her employment with Defendant Anthem Insurance Companies, Inc., commencing with a change in supervisors, Plaintiff Darlene Jamerison was subjected to unlawful discrimination, harassment and retaliation based on her sex, race, disability and age. Mary Derhake, Plaintiff Darlene Jamerison's supervisor, intentionally targeted older, black, disabled and/or woman employees for criticism and differential treatment in favor of younger, white, non-disabled and/or male employees creating a hostile work environment and culminating in the denial of Plaintiff Darlene Jamerison's denial of her application for promotion and her forced lateral transfer to another position.

12. Plaintiff Darlene Jamerison requested a reasonable accommodation in the form of a standing work desk.

13. Defendant Anthem Insurance Companies, Inc. engaged in certain unlawful employment practices in delaying approval of the reasonable accommodation request as follows:

    a. Plaintiff Darlene Jamerison was treated in a dissimilar manner from other employees based on her sex, race, age and/or disability where Plaintiff Darlene Jamerison was required to provide a physician's statement concerning her back injury and need for a standing work desk and where other employees were not required to do so.

    b. Plaintiff Darlene Jamerison was treated in a dissimilar manner from other employees based on her race, age and/or disability where Plaintiff Darlene Jamerison's request

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

for accommodation took over eight months to process and where other employees received standing work desks immediately upon request.

14. After making the request for reasonable accommodation of her disability, Plaintiff Darlene Jamerison was thereafter subjected to a continuous and pervasive pattern of discrimination and/or retaliation based on her reasonable accommodation request and based on sex, race, age and/or disability as follows:

  a. Plaintiff Darlene Jamerison was subjected to unwarranted criticism of her work performance.

  b. Plaintiff Darlene Jamerison was subjected to differential treatment in terms of her work hours and schedule.

  c. Plaintiff Darlene Jamerison was labelled a "whiner" and "complainer."

  d. Plaintiff Darlene Jamerison was ostracized by her manager and was excluded from meetings, which denied her support from her manager and co-employees.

15. Plaintiff Darlene Jamerison applied for the position of Underwriter II (Large Group).

16. Defendant Anthem Insurance Companies, Inc. engaged in certain unlawful employment practices in the promotion of employees as follows:

  a. Defendant Anthem Insurance Companies, Inc. refused to promote Plaintiff Darlene Jamerison to the position of Underwriter II (Large Group) based exclusively on her sex, race, age and/or disability.

  b. Plaintiff Darlene Jamerison was treated in a dissimilar manner from other candidates for the position of Underwriter II (Large Group) based exclusively on her sex, race, age and/or disability where Defendant Anthem Insurance Companies, Inc. rejected Plaintiff

4

Darlene Jamerison's application and refused to interview Plaintiff Darlene Jamerison even though Plaintiff Darlene Jamerison met all of the required education, training and experience for the position of Underwriter II (Large Group) and was more qualified than the favored candidate who was a younger, white non-disabled female.

      c.      Plaintiff Darlene Jamerison was treated in a dissimilar manner from other candidates for the position of Underwriter II (Large Group) based exclusively on her sex, race, age and/or disability where Defendant Anthem Insurance Companies, Inc. manipulated the closing deadline for applications for the Underwriter II (Large Group) to permit a less qualified person who was a younger, white non-disabled female to apply for the position after the initial closing deadline for application.

      d.      Plaintiff Darlene Jamerison was treated in a dissimilar manner from other candidates for the position of Underwriter II (Small Group) based exclusively on her sex, race, age and/or disability where Defendant Anthem Insurance Companies, Inc. manipulated the closing deadline for applications for the Underwriter II (Small Group) to permit the consideration only of a less qualified person who was a younger, white non-disabled female to apply for the position and to exclude Plaintiff Darlene Jamerison who was more qualified for the position.

      e.      Plaintiff Darlene Jamerison was treated in a dissimilar manner from other employees where, even though hiring for the Underwriter II (Large Group) position was frozen, a less qualified person who was a younger, white non-disabled female was given a raise without additional responsibilities and Plaintiff Darlene Jamerison was denied any similar increase in salary due to her race, age and/or disability.

    f. The positing and soliciting of candidates for the Underwriter II (Large Group) and Underwriter II (Small Group) was manipulated by Defendant Anthem Insurance Companies, Inc. to promote younger, white non-disabled female employee.  The manipulation included changes to the posting deadlines and the suspension of other work rules and practices such as the number of persons to be interviewed.  The promotion process was a "sham" and was rigged in favor of the younger, white non-disabled female who was encouraged to apply for the positions and was provided with preferential treatment throughout the selection process.

  17. The discrimination and harassment against Plaintiff Darlene Jamerison was continuous commencing with the change of her supervisor and continuing through the present date and consisted of a series of interrelated matters and were not isolated occurrences.

  18. The discrimination and harassment against Plaintiff Darlene Jamerison was so pervasive and severe that a reasonable person would consider the work environment to be hostile and offensive and that Plaintiff Darlene Jamerison was thereby subjected to a hostile work environment.

  19. After Plaintiff Darlene Jamerison complained about the fairness of the process, opposed the discriminatory employment practices used by Defendant Anthem Insurance Companies, Inc. and/or threatened and later filed a Charge of Discrimination with the Missouri Commission on Human Rights, Plaintiff Darlene Jamerison was subjected to further retaliation by Defendant Anthem Insurance Companies, Inc. as follows:

    a. Defendant Anthem Insurance Companies, Inc. changed Plaintiff Darlene Jamerison's established work schedule and hours.

    b. Defendant Anthem Insurance Companies, Inc. subjected Plaintiff Darlene Jamerison to heightened scrutiny and criticism.

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

c.      Defendant Anthem Insurance Companies, Inc. forced Plaintiff Darlene Jamerison to transfer a new lateral position.

## COUNT I – UNLAWFUL EMPLOYMENT DISCRIMINATION

COMES NOW, Plaintiff Darlene Jamerison, by and through her attorney, and for Count I of Plaintiff's Petition against Defendant Anthem Insurance Companies, Inc. states and alleges as follows:

20.     Plaintiff Darlene Jamerison realleges, restates and incorporates by reference herein paragraphs 1 through 19 of Plaintiff's Petition as and for this paragraph 20 of Plaintiff's Petition.

21.     §213.055 R.S.Mo. states, in pertinent part, as follows:  "1.  It shall be an unlawful employment practice:  (1)  For an employer, because of the, race… sex… age or disability of any individual:  (a) … to discriminate against any individual with respect to his compensation, terms, conditions, or privilege of employment, because of such individual's race… sex… age or disability…"

22.     Plaintiff Darlene Jamerison is and was a member of one or more classes of employees protected under §213.055 R.S.Mo. based on her race, sex, age and/or disability.

23.     At all times relevant hereto, Plaintiff Darlene Jamerison full performed the duties and responsibilities associated with her position of employment with Defendant Anthem Insurance Companies, Inc. and met or exceeded the expectations and requirements associated with her position of employment.

24.     Defendant Anthem Insurance Companies, Inc. did employ, use and engage in unlawful employment related acts, practices and conduct in violation of §213.055 R.S.Mo. as follows:

      a.    Defendant Anthem Insurance Companies, Inc. discriminated against Plaintiff Darlene Jamerison by challenging Plaintiff Darlene Jamerison's request for reasonable accommodation based on her race, sex, age and/or disability.

      b.    Defendant Anthem Insurance Companies, Inc. discriminated against Plaintiff Darlene Jamerison in the terms and conditions of her employment by refusing to promote Darlene Jamerison based on her race, sex, age and/or disability.

      c.    Defendant Anthem Insurance Companies, Inc. discriminated against Plaintiff Darlene Jamerison in the terms and conditions of her employment by changing her established work schedule and hours.

      d.    Defendant Anthem Insurance Companies, Inc. discriminated against Plaintiff Darlene Jamerison by involuntarily transferring Plaintiff Darlene Jamerison to a lateral position.

25.    In each instance, the unlawful employment related acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. were employed, used and asserted by Defendant Anthem Insurance Companies, Inc. in bad faith and without good cause or lawful justification based on animus by Defendant Anthem Insurance Companies, Inc. toward Plaintiff Darlene Jamerison based on her race, sex, age and/or disability and were further employed used and asserted by Defendant Anthem Insurance Companies, Inc. as a pretext to cover up Defendant Anthem Insurance Companies, Inc.'s unlawful employment discrimination against Plaintiff Darlene Jamerison based on her race, sex, age and/or disability.

26.    As a direct and proximate result of Defendant Anthem Insurance Companies, Inc.'s employment, use and engagement in unlawful employment related acts, practices and

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

conduct in violation of §213.055 R.S.Mo., Plaintiff Darlene Jamerison has sustained, will sustain and/or will continue to sustain actual damages in excess of $25,000.00 as follows:

    a.    Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress, Depression, Loss of Sleep, Fear, Anxiety, Loss of Peace of Mind, Loss of Confidence, and Diminished Self-Worth;

    b.    Unpaid Salary and Wages, including Overtime;

    c.    Loss or Diminution of Wages, Salary, Commissions and Bonuses, Health Insurance and Other Fringe Benefits (including Vacation Pay, Sick Pay, Pension and Retirement Benefits, Stock Options and Bonus Plans, Profit-Sharing Benefits, and Life Insurance);

    d.    Loss or Diminution of Future Job-Related Promotions and Opportunities;

    e.    Negative Tax Consequences Associated with a Lump Sum Payment or Award;

    f.    Pre-Judgment and Post-Judgment Interest; and

    g.    Attorney fees.

27.    Plaintiff Darlene Jamerison further seeks an award of punitive damages to the fullest extent permissible under federal and state law against Defendant Anthem Insurance Companies, Inc. as follows:

    a.    The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were intentional, willful, wanton, malicious, grossly negligent and/or reckless;

    b.    The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were extreme, outrageous and shocking to the conscience;

9

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

c. The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were reckless and exhibited conscious disregard of Plaintiff Darlene Jamerison's civil rights and of the protections afforded to employees against discrimination based on color and race;

d. Punitive damages are necessary and proper to punish Defendant Anthem Insurance Companies, Inc. for its unlawful employment practices; and

e. Punitive damages are necessary and proper to deter Defendant Anthem Insurance Companies, Inc. and others similarly situated from engaging in such conduct in the future.

WHEREFORE, Plaintiff Darlene Jamerison prays the Court to enter judgment in favor of Plaintiff Darlene Jamerison and against Defendant Anthem Insurance Companies, Inc., for actual and punitive damages in such amount as may be determined at trial, for pre-judgment and post-judgment interest on any monetary award, for Plaintiff's attorney fees and costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

## **COUNT II – HOSTILE WORK ENVIRONMENT**

COMES NOW, Plaintiff Darlene Jamerison, by and through her attorney, and for Count II of Plaintiff's Petition against Defendant Anthem Insurance Companies, Inc. states and alleges as follows:

28. Plaintiff Darlene Jamerison realleges, restates and incorporates by reference herein paragraphs 1 through 27 of Plaintiff's Petition as and for this paragraph 28 of Plaintiff's Petition.

29. §213.055 R.S.Mo. states, in pertinent part, as follows: "1. It shall be an unlawful employment practice:  (1)  For an employer, because of the, race… sex… age or disability of any

individual: (a) … to discriminate against any individual with respect to his compensation, terms, conditions, or privilege of employment, because of such individual's race… sex… age or disability…"

30.     Plaintiff Darlene Jamerison is and was a member of one or more classes of employees protected under §213.055 R.S.Mo. based on her race, sex, age and/or disability.

31.     During the course of her employment with Defendant Anthem Insurance Companies, Inc., Plaintiff Darlene Jamerison was subjected to discrimination and harassment based on her race, sex, age and/or disability as follows:

    a.     Plaintiff Darlene Jamerison was subjected to unwarranted criticism of her work performance.

    b.     Plaintiff Darlene Jamerison was subjected to differential treatment in terms of her work hours and schedule.

    c.     Plaintiff Darlene Jamerison was labelled a "whiner" and "complainer."

    d.     Plaintiff Darlene Jamerison was ostracized by her manager and was excluded from meetings, which denied her support from her manager and co-employees.

    e.     Plaintiff Darlene Jamerison was denied promotion.

32.     In each instance, the criticism and complaints asserted by Defendant Anthem Insurance Companies, Inc. were false and made in bad faith, were based on animus by Defendant Anthem Insurance Companies, Inc. toward Plaintiff Darlene Jamerison based on her race, sex, age and/or disability and were used as a pretext to cover up Defendant Anthem Insurance Companies, Inc.'s unlawful employment discrimination against Plaintiff Darlene Jamerison based on her race, sex, age and/or disability.

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

33. The harassment and discrimination against Plaintiff Darlene Jamerison were continuous from and after the change in her supervisors through the present date and consisted of a series of interrelated matters and were not isolated occurrences.

34. The discrimination and harassment against Plaintiff Darlene Jamerison were so pervasive and severe that a reasonable person would consider that Plaintiff Darlene Jamerison was subjected to a hostile work environment.

35. After being subjected to a discrimination, harassment, and a hostile work environment, Plaintiff Darlene Jamerison was involuntarily transferred to a lateral position.

36. As a direct and proximate result of Defendant Anthem Insurance Companies, Inc.'s creation and maintenance of a hostile work environment in violation of §213.055 R.S.Mo., Plaintiff Darlene Jamerison has sustained, will sustain and/or will continue to sustain actual damages in excess of $25,000.00 as follows:

    a. Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress, Depression, Loss of Sleep, Fear, Anxiety, Loss of Peace of Mind, Loss of Confidence, and Diminished Self-Worth;

    b. Unpaid Salary and Wages, including Overtime;

    c. Loss or Diminution of Wages, Salary, Commissions and Bonuses, Health Insurance and Other Fringe Benefits (including Vacation Pay, Sick Pay, Pension and Retirement Benefits, Stock Options and Bonus Plans, Profit-Sharing Benefits, and Life Insurance);

    d. Loss or Diminution of Future Job-Related Promotions and Opportunities;

    e. Negative Tax Consequences Associated with a Lump Sum Payment or Award;

    f. Pre-Judgment and Post-Judgment Interest; and

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

      g.      Attorney fees.

37.      Plaintiff Darlene Jamerison further seeks an award of punitive damages to the fullest extent permissible under federal and state law against Defendant Anthem Insurance Companies, Inc. as follows:

      a.      The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were intentional, willful, wanton, malicious, grossly negligent and/or reckless;

      b.      The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were extreme, outrageous and shocking to the conscience;

      c.      The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were reckless and exhibited conscious disregard of Plaintiff Darlene Jamerison's civil rights and of the protections afforded to employees against discrimination based on color and race;

      d.      Punitive damages are necessary and proper to punish Defendant Anthem Insurance Companies, Inc. for its unlawful employment practices; and

      e.      Punitive damages are necessary and proper to deter Defendant Anthem Insurance Companies, Inc. and others similarly situated from engaging in such conduct in the future.

WHEREFORE, Plaintiff Darlene Jamerison prays the Court to enter judgment in favor of Plaintiff Darlene Jamerison and against Defendant Anthem Insurance Companies, Inc., for actual and punitive damages in such amount as may be determined at trial, for pre-judgment and post-judgment interest on any monetary award, for Plaintiff's attorney fees and costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

## COUNT III – RETALIATION

COMES NOW, Plaintiff Darlene Jamerison, by and through her attorney, and for Count III of Plaintiff's Petition against Defendant Anthem Insurance Companies, Inc. states and alleges as follows:

38. Plaintiff Darlene Jamerison realleges, restates and incorporates by reference herein paragraphs 1 through 37 of Plaintiff's Petition as and for this paragraph 38 of Plaintiff's Petition.

39. §213.070 R.S.Mo. states, in pertinent part, as follows:

1. It shall be an unlawful discriminatory practice for an employer, employment agency, labor organization, or place of public accommodation:

(1) To aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so;

(2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter…

40. Plaintiff Darlene Jamerison engaged in the following protected activities ("protected activities") under the Missouri Human Rights Acts, §213.010 R.S.Mo., et seq.:

a. Plaintiff Darlene Jamerison objected to the unlawful employment practices and hostile work environment to Defendant Anthem Insurance Companies, Inc.

b. Plaintiff Darlene Jamerison reported the unlawful employment practices and hostile work environment to Defendant Anthem Insurance Companies, Inc.

c. Plaintiff Darlene Jamerison repeatedly asserted her rights under the

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

Missouri Human Rights Acts, §213.010 R.S.Mo., et seq. (including her right to continued employment free from a hostile work environment).

      d.    Plaintiff Darlene Jamerison sought or threatened to seek legal counsel and other support to assist him in asserting his rights under the Missouri Human Rights Act.

      e.    Plaintiff Darlene Jamerison threatened to file and then filed a charge of discrimination with the Missouri Commission on Human Rights.

    41.    Defendant Anthem Insurance Companies, Inc. did engage in a pattern of retaliation ("retaliatory scheme") against Plaintiff Darlene Jamerison for engaging in the above-described protected activity in violation of §213.070 R.S.Mo. as follows:

      a.    The incidences of harassment and discrimination and the nature of the hostile work environment created, maintained and permitted by Defendant Anthem Insurance Companies, Inc. became more frequent, pervasive and intense.

      b.    Defendant Anthem Insurance Companies, Inc. refused to adequate investigate the claims of discrimination, harassment and hostile work environment made by Plaintiff Darlene Jamerison and refused to abate the discrimination, harassment and hostile work environment directed towards Plaintiff Darlene Jamerison.

      c.    Defendant Anthem Insurance Companies, Inc. changed Plaintiff Darlene Jamerison's established work schedule and hours.

      d.    Defendant Anthem Insurance Companies, Inc. forced Plaintiff Darlene Jamerison to transfer a new lateral position.

    42.    As a direct and proximate result of the retaliation caused, condoned, permitted and approved by Defendant Anthem Insurance Companies, Inc. in violation of §213.070 R.S.Mo. resulting in the above-described adverse employment actions be taken against Plaintiff Darlene

Jamerison, Plaintiff Darlene Jamerison has sustained, will sustain and/or will continue to sustain actual damages in excess of $25,000.00 as follows:

a. Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress, Depression, Loss of Sleep, Fear, Anxiety, Loss of Peace of Mind, Loss of Confidence, and Diminished Self-Worth;

b. Unpaid Salary and Wages, including Overtime;

c. Loss or Diminution of Wages, Salary, Commissions and Bonuses, Health Insurance and Other Fringe Benefits (including Vacation Pay, Sick Pay, Pension and Retirement Benefits, Stock Options and Bonus Plans, Profit-Sharing Benefits, and Life Insurance);

d. Loss or Diminution of Future Job-Related Promotions and Opportunities;

e. Negative Tax Consequences Associated with a Lump Sum Payment or Award;

f. Pre-Judgment and Post-Judgment Interest; and

g. Attorney fees.

43. Plaintiff Darlene Jamerison further seeks an award of punitive damages to the fullest extent permissible under federal and state law against Defendant Anthem Insurance Companies, Inc. as follows:

a. The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were intentional, willful, wanton, malicious, grossly negligent and/or reckless;

b. The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were extreme, outrageous and shocking to the conscience;

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

    c. The acts, practices and conduct of Defendant Anthem Insurance Companies, Inc. are and were reckless and exhibited conscious disregard of Plaintiff Darlene Jamerison's civil rights and of the protections afforded to employees against discrimination based on color and race;

    d. Punitive damages are necessary and proper to punish Defendant Anthem Insurance Companies, Inc. for its unlawful employment practices; and

    e. Punitive damages are necessary and proper to deter Defendant Anthem Insurance Companies, Inc. and others similarly situated from engaging in such conduct in the future.

  WHEREFORE, Plaintiff Darlene Jamerison prays the Court to enter judgment in favor of Plaintiff Darlene Jamerison and against Defendant Anthem Insurance Companies, Inc., for actual and punitive damages in such amount as may be determined at trial, for pre-judgment and post-judgment interest on any monetary award, for Plaintiff's attorney fees and costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

Electronically Filed - City of St. Louis - October 13, 2020 - 03:09 PM

**EXHIBIT A**

**LAW OFFICES OF**

**JOAN M. SWARTZ, L.L.C.**

By: */s/ Joan M. Swartz*
    Joan M. Swartz, Mo Bar # 37242
    3348 Greenwood Blvd.63143
    St. Louis, MO
    (314) 471-2032 Telephone
    (314) 270-8103 Facsimile
    jms@jmsllc.com

and

**SHAUGHNESSY LAW FIRM, LLC**

By: */s/ Ryan S. Shaughnessy*
    Ryan S. Shaughnessy, #39922
    1140 Boulder Creek Drive, Suite 202
    O'Fallon, Illinois 62269
    314-971-4381
    shaughnessylawfirm@gmail.com

**ATTORNEYS FOR PLAINTIFF**